THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY HALCHAK, et al.,

    Plaintiffs,

v.

    3:18-CV-1285
    (JUDGE MARIANI)

DORRANCE TOWNSHIP BOARD OF
SUPERVISORS, et al.,

    Defendants.

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is a "Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59(e)" filed by Plaintiffs, Anthony and Kelly Halchak. (Doc. 94.) The Motion requests an "alteration or amendment to the Court's Order and Judgment of December 16, 2022 (Doc. 93)." (*Id.*) In that Order, this Court granted each defendant's Motion for Summary Judgment in its entirety, (Docs. 64, 71), and denied Plaintiffs' Partial Motion for Summary Judgment in its entirety (Doc. 66). (Doc. 93.) The Court entered judgment in favor of all Defendants: the Dorrance Township Board of Supervisors (the "Dorrance Board"), Alan Snelson, Code Inspections, Inc. ("CII"), and Ken Fenstermacher. (*Id.*)

Because Plaintiffs present no new evidence, no intervening change in law, nor any clear error of law, there is no basis to amend the judgment.

### II. BACKGROUND

1

The facts of this case are detailed in this Court's Memorandum Opinion dated December 16, 2022, and are incorporated herein. (Doc. 92.) Briefly, Plaintiffs asserted substantive and procedural due process claims in connection with their applications for zoning and occupancy permits, both needed to commence the lawful operation of a used car lot on their property. Defendants were involved with the administration and enforcement of the zoning and construction codes in Dorrance Township, Pennsylvania. (Doc. 2-1 at ¶ 52–54, 56.)

Plaintiffs' Amended Complaint is titled "Action in Mandamus" and was originally filed in the Court of Common Pleas of Luzerne County on December 7, 2017. (Doc. 2-1.) Among Plaintiffs' claims for relief in Count I of the Amended Complaint is a demand for "judgment against Defendants directing that they issue an Occupancy Permit." (Doc. 2-1 at ¶ 56.)[1]

Snelson and the Dorrance Board removed the action to this Court on June 26, 2018, with CII's and Fenstermacher's consent. (Doc. 1 ¶ 9.) Plaintiffs did not move to remand.

This Court had subject matter jurisdiction over all claims. The federal due process claims provide the basis for federal jurisdiction under 28 U.S.C. § 1331. And because the facts giving rise to the claim for state law mandamus relief arise out of the same set of

---

[1] Plaintiffs also asserted a demand for attorneys' fees under 42 P.S. § 2503, and a demand for damages under 42 P.S. § 8303, which provides that "[a] person who is adjudged in an action in the nature of mandamus to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal." (See Doc. 2-1 Counts IV and V.)

2

operative facts as the due process claims, the Court exercised supplemental jurisdiction over the mandamus relief under 28 U.S.C. § 1367.

Defendants filed Motions for Summary Judgment (Docs. 64, 71), and Plaintiffs filed a Partial Motion for Summary Judgment (Doc. 66). Upon review of the Motions and the record evidence, the Court entered judgment on all claims in favor of all Defendants on December 16, 2022. (Doc. 93.) Plaintiffs filed a timely motion to amend the judgment under Federal Rule of Civil Procedure 59(e) on January 12, 2023. (Doc. 94.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file a "motion to alter or amend a judgment" within 28 days of the entry of judgment. In the Third Circuit, "a judgment may be altered or amended" only upon a showing of: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). A motion under 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5, 128 S. Ct. 2605, 2617, 171 L. Ed. 2d 570 (2008) (quoting 11 Wright & Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

### IV. ANALYSIS

Plaintiffs have demonstrated no basis to amend this Court's judgment. They point to no "intervening change in controlling law" nor any "new evidence." *Wiest*, 710 F.3d at 128. Plaintiffs seem to contend the third option applies, and argue that this Court improperly exercised supplemental jurisdiction over their state law claims. (*See* Doc. 94-2 at 5–7.) That argument's success requires that the Court's exercise of supplemental jurisdiction was a "clear error of law." As Third Circuit case law illustrates, it was not.

### *1. Plaintiffs' Requested Relief*

In their Rule 59(e) Motion, Plaintiffs

> request the Court amend the Order of December 16, 2022 and deny the grant of Defendants [sic] Summary Judgment concerning the Halchaks [sic] state law claims, including mandamus or otherwise dismiss without prejudice, relinquish jurisdiction and remand the state law claims filed by the Halchaks to the Court of Common Pleas of Luzerne County.

(Doc. 94 at ¶ 13 (citation omitted).) They argue there are "viable causes of action under state law, including mandamus, which requires the remand of the state causes of action." (Doc. 94-2 at 4.) Plaintiffs contend that "[i]n order to permit [them] the opportunity to pursue their state court remedies with regard to the [Pennsylvania Construction Code Act], it is necessary that [they] be permitted to complete the prosecution of their state law causes of action, including mandamus." (*Id.* at 6.) In essence, Plaintiffs argue this Court improperly exercised supplemental jurisdiction to adjudicate their state law claims on the merits, and that accordingly, they are entitled to the opportunity to pursue those claims in state court.

### *2. Supplemental Jurisdiction*

4

Under 28 U.S.C. § 1367(a), in any civil action in which a district court has original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." District courts "may decline" to exercise supplemental jurisdiction if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c). In cases where a district court has "dismissed all claims over which it has original jurisdiction," it "'must decline' to exercise supplemental jurisdiction . . . 'unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).

However, where the factors of "judicial economy, convenience, and fairness to the parties" justify retaining supplemental jurisdiction, courts do so, especially in cases where the parties have spent considerable time and energy litigating the case in federal court. *See, e.g., Micro Focus (US), Inc. v. Ins. Servs. Off., Inc.*, No. CV 15-252-RGA, 2022 WL 1503918, at *3 (D. Del. May 12, 2022) (retaining supplemental jurisdiction over state law claims after dismissal of all federal claims when case had been in court for seven years and

5

extensive discovery and motion practice had taken place); *Hayes v. Pittsburgh Bd. of Pub. Educ.*, No. CIV. 02-593, 2007 WL 760518, slip op. at *16 n.4 (W.D. Pa. 2007) *aff'd*, 279 F. App'x 108 (3d Cir. 2008) ("Justice requires us to exercise pendant jurisdiction over the remaining state court claims. The parties have expended untold time and energy on discovery and briefing; to remand the remaining state law causes of action would unnecessarily delay adjudication of these unfounded claims.").

In the instant case, the Court exercised and retained its supplemental jurisdiction over Plaintiffs' state law claims because the state claims are inextricably intertwined with and arise out of the same set of operative facts as the federal claims, and because the parties have spent significant time and effort litigating this case in federal court. This is indeed a case in which "considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification" for retaining jurisdiction. *Stone*, 720 F. App'x at 136.

Plaintiffs' substantive and procedural federal due process claims arise out of their efforts to obtain a zoning permit and an occupancy permit from Defendants. The analysis of their procedural due process claims required careful consideration of evidence reflecting the history of Plaintiffs' property ownership, their interactions with Defendants, various deeds, permits, permit applications, and communications. (*See* Doc. 92 at 3–21 (reciting the undisputed facts).) This analysis implicated the key question of whether Plaintiffs had

produced sufficient evidence to create a dispute of fact as to whether they actually submitted a complete application for an occupancy permit. (*See* Doc. 92 at 38–39.)

The analysis of Plaintiffs' state law claims required careful consideration of the same facts and the same key question. Among Plaintiffs' requests for relief in Count 1 of the Amended Complaint, filed as an "Action in Mandamus," was Plaintiffs' demand for "judgment against Defendants directing that they issue an Occupancy Permit." (Doc. 2-1 at ¶ 56.) Under Pennsylvania law,

> [m]andamus is an extraordinary remedy designed to compel the performance of a ministerial act or a mandatory duty. *Evans v. Pennsylvania* [*Bd. of Prob.*] *and Parole*, 820 A.2d 904 (Pa. [Commw. Ct.] 2003), *appeal quashed*, 580 Pa. 550, 862 A.2d 583 (2004); *Bell Atlantic Mobile* [*Syss.*]*, Inc.* [*v. Borough of Clifton Heights,* 661 A.2d 909, 911 (Pa. [Commw. Ct.] 1995), *appeal denied*, 544 Pa. 652, 676 A.2d 1194 (1996)]. Mandamus may only be granted where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a lack of any other appropriate and adequate remedy. *Bell Atlantic Mobile* [*Syss.*]*, Inc.*[, 661 A.2d at 911]*; M & W* [*Corp.*] *v. Upper Chichester* [*Twp.*], 651 A.2d 630[, 632] (Pa. [Commw. Ct.] 1994). The purpose of mandamus is not to establish legal rights but only to enforce those legal rights that have already been established.

*Orange Stones Co. v. City of Reading, Zoning Hearing Bd.*, 32 A.3d 287, 290 (Pa. Commw. Ct. 2011).

Applying this standard, the evidence that would tend to show whether Plaintiffs submitted a complete occupancy permit application included all evidence necessary to decide whether Plaintiffs had a "clear legal right" to an occupancy permit. Especially because of the precise relief Plaintiffs requested—"judgment against Defendants *directing that they issue an*

7

*Occupancy Permit*"[2]—the questions were interrelated. The Court concluded there was no genuine dispute of material fact as to whether Plaintiffs even submitted a complete occupancy permit application; the undisputed material facts showed they did not. Having answered that question, Plaintiffs could not show there was a genuine dispute of fact as to whether they had a "clear legal right" to the issuance of an occupancy permit, because, among other reasons, their application was incomplete under the applicable ordinance.[3] As such, "judicial economy, convenience, and fairness to the parties" warranted the exercise of jurisdiction to decide whether Plaintiffs were entitled to mandamus relief. *Stone*, 720 F. App'x at 136.[4]

In addition, as in *Hayes* and in *Micro Focus (US), Inc.*, *see supra* at 5–6, the parties have "expended untold time and energy on discovery and briefing" in this case, 2007 WL 760518, at *16 n.4, which has been in federal court since its removal on June 26, 2018. (*See* Doc. 1.) As in *Hayes*, "justice require[d]" the retention of jurisdiction. 2007 WL 760518, at *16 n.4.

---

[2] (Doc. 2-1 at ¶ 56 (emphasis added).)

[3] *See Kirk v. Smay*, 367 A.2d 760, 762 (Pa. Commw. Ct. 1976) ("The right to a building permit is not clear, however, where the applicant has not met all of the necessary requirements of a[n] . . . ordinance.").

[4] Plaintiffs' demands for attorneys' fees under 42 P.S. § 2503 and for damages resulting from the failure to "perform a duty required by law" under 42 P.S. § 8303 were similarly factually intertwined and inextricable from the federal claims, rendering this Court's retention of supplemental jurisdiction proper.

8

Accordingly, this Court properly exercised supplemental jurisdiction over the state law claims, and the entry of judgment on those claims was not a clear error of law requiring alteration or amendment of the December 16, 2022 Order. (Doc. 93.)

### 3. *Mandamus Relief*

Having found jurisdiction was properly retained, any request to "amend the Order of December 16, 2022 and deny the grant of Defendants [sic] Summary Judgment concerning the Halchaks [sic] state law claims," (Doc. 94 at ¶ 13 (citation omitted)), is an improper attempt to "relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 486 n.5. This Court properly determined that Plaintiffs were not entitled to mandamus relief under Pennsylvania law. (*See* Doc. 93 at 40–41, 52.)

The Court need not repeat its analysis here, but highlights *Hayes v. Pittsburgh Board of Public Education*: a case wherein the district court granted summary judgment in favor of defendants on federal due process claims, retained supplemental jurisdiction over related state law mandamus claims, entered judgment in favor of defendants on those mandamus claims, and was affirmed on appeal. *See* 2007 WL 760518. The plaintiffs were two applicants for teaching positions who asserted federal due process claims related to a school board's hiring of other applicants over them. *See id.* at *1–2. The plaintiffs also filed state claims, including an action in mandamus asking the court to "direct the [school board] to retain Plaintiff[s] on the eligibility list, give Plaintiff[s] proper notice and opportunity if for

some reason [they are] bypassed, and to award job placement into a full time teaching position with the [school district]." *Id.* at *16. The district court granted summary judgment to defendants on the due process claims. *Id.* With respect to the claim for mandamus relief, over which defendants had asked the court to "decline to exercise pendant jurisdiction . . . or alternatively, grant their motions for summary judgment," *id.* at *2, the court retained its jurisdiction and entered judgment in favor of defendants. *See id.* at *16. Applying the standard for mandamus relief under Pennsylvania law, the court held that the "issuance of a writ of mandamus would not be proper" because "plaintiffs have failed to show a clear legal right to the relief requested and they had another appropriate and adequate legal remedy at their disposal." *Id.*

On appeal, the Third Circuit affirmed. *Hayes v. Pittsburgh Bd. of Pub. Educ.*, 279 F. App'x 108, 111 (3d Cir. 2008). The Circuit emphasized that a "writ of mandamus . . . is an extraordinary remedy . . . [whose] purpose is not to establish legal rights, but to enforce those rights already established beyond peradventure." *Id.* (quoting 2007 WL 760518, slip op. at *12).

The summary judgment evidence in the instant case created no genuine dispute of material fact as to whether Plaintiffs had a "legal right . . . established beyond

peradventure," *id.*, to an occupancy permit. (*See* Doc. 93 at 40–41, 52.) Therefore, the Court properly held Defendants were entitled to summary judgment on that claim.[5]

## V. CONCLUSION

Because Plaintiffs present no new evidence, no intervening change in law, nor any clear error of law, there is no basis to alter or amend this Court's December 16, 2022 Order entering judgment in favor of Defendants on all claims. (Doc. 93.) A separate order follows.

Robert D. Mariani
United States District Judge

---

[5] Plaintiffs' demand for damages under 42 P.S. § 8303 presupposed success on the merits of the claim for mandamus relief. 42 P.S. § 8303 (awarding damages when "[a] person who is adjudged in an action in the nature of mandamus to have failed or refused without lawful justification to perform a duty required by law"). Having found Plaintiffs were not entitled to mandamus relief, this Court properly held they were not entitled to corresponding damages.

11